*898 OPINION.
Smith :
The sole issue raised in these appeals was whether certain amounts credited to the petitioners upon the books of the General Engineering Co. during the year 1920 were received by them during that year so as to constitute a part of their taxable income for the year. The respondent, relying upon the decision of the Board in the Appeal of John A. Brander, 3 B. T. A. 231, has held that the petitioners are liable to income tax in respect of bonuses credited to their accounts upon the corporation’s books, upon the ground that they were “ constructively ” received by them.
In the Brander appeal we stated with reference to “ constructive ” receipt:
This doctrine, as we have made clear in several appeals, is not to he applied lightly, but only in situations where it is clearly justifiable. When taxable income is consistently computed by a citizen on the basis of actual receipts, a method which the law expressly gives him the right to use, he is not to be defeated in his bona fide selection of this method by “ construing ” that to be received of which in truth he has not had the use and enjoyment.
It does not appear that the General Engineering Co. had on hand at any time during the year 1920 sufficient cash, or assets which might be readily converted into cash, to pay the bonuses credited to its officers and employees on June 30, 1920. On that date it had on hand cash in the amount of $2,336.59 and Liberty bonds in the amount of $3,312.56. It had other assets consisting of accounts receivable, notes receivable, installment contracts outstanding, land and buildings and other lesser items. It can not be said that the petitioners had the use and enjoyment of such assets during the year 1920.
Judgment will be entered on 15 days' notice, under Rule 50.
Considered by Littleton and Love.